UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNIFER T., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )  No. 2:25-cv-00330-SDN |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**RECOMMENDED DISMISSAL**

In June 2025, the Plaintiff, proceeding pro se, filed a complaint appealing the denial of her applications for Social Security Disability and Supplemental Security Income benefits. *See* Complaint (ECF No. 1). After the administrative record was filed, a procedural order issued setting August 28, 2025, as the deadline for the Plaintiff to file her brief. *See* ECF No. 11. The Plaintiff failed to file a brief by that deadline, so I issued an order on September 8, 2025, directing her to show cause by September 22, 2025, why her case should not be dismissed for failure to prosecute. *See* ECF No. 14. On September 17, 2025, the Plaintiff filed a motion requesting an extension of time and indicating that she was still seeking representation. *See* ECF No. 15. I granted the Plaintiff's motion and extended the deadline for her to file her brief to October 20, 2025. *See* ECF No. 16. Once again, the Plaintiff did not file a brief (or motion for extension) by the October 20, 2025, deadline, nor has she done so since then.

1

The Plaintiff's failure to prosecute and to comply with this Court's orders and deadlines warrants the dismissal of her case. *See, e.g.*, *Bloomquist v. Cloutier*, No. 2:16-cv-00337-DBH, 2017 WL 1393793, at *1-2 (D. Me. Mar. 30, 2017) (rec. dec.) (holding that dismissal was warranted for a plaintiff's failure to prosecute and to comply with multiple court orders), *aff'd*, 2017 WL 1389457 (D. Me. Apr. 18, 2017); *see also Díaz-Santos v. Dep't of Educ.*, 108 F. App'x 638, 640 (1st Cir. 2004) ("A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute."); *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015) ("[D]istrict courts may . . . sua sponte dismiss a complaint under [Fed. R. Civ. P.] 41(b) for failure to comply with a court order.").

Nevertheless, the circumstances do not warrant dismissal with prejudice. *See Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) ("Dismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." (cleaned up)).

Accordingly, I recommend that the Court **DISMISS** this action without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen*

*(14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: October 30, 2025

<u>/s/ Karen Frink Wolf</u><br>United States Magistrate Judge